UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY MORROW,

    *Plaintiff*,

v.                                    CASE NO. 10-CV-14126

COMMISSIONER OF                DISTRICT JUDGE VICTORIA A. ROBERTS
SOCIAL SECURITY,                 MAGISTRATE JUDGE CHARLES E. BINDER

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

### I.    RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, that Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

### II.    REPORT

#### A.    Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Commissioner's decision denying Plaintiff's claim for a period of disability and disability insurance benefits. This matter is currently before the Court on cross-motions for summary judgment. (Docs. 10, 14.)

This case has a lengthy procedural history. Plaintiff first applied for disability benefits in October 1997. (Tr. at 201-04.) Although a hearing was held in January 1999, the hearing was adjourned to allow Plaintiff to provide medical records. (Tr. at 355.) In April 1999, another hearing was held and the Administrative Law Judge ("ALJ") denied benefits in June 1999. (Tr. at 355-62.) The Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ in April 2000. (Tr. at 366-69.) Plaintiff did not request another hearing, so the ALJ decided the matter without hearing in a written decision in August 2000. (Tr. at 377-88.) The ALJ concluded that because Plaintiff had acquired clerical and computer skills from his past employment, he could transfer those skills to sedentary data entry and clerical positions. (Tr. at 387.)

In June 2004, Plaintiff reapplied for benefits, alleging disability beginning on July 27, 2001. (Tr. at 405-07.) The onset date was later amended to December 30, 2003. (Tr. at 556.) In October 2004, the claim was denied at the initial stages. (Tr. at 389.) In denying Plaintiff's claim, the Commissioner considered connective tissue diseases (including lupus) and affective disorders as possible bases of disability. (*Id.*) Plaintiff requested and was granted a hearing before an ALJ in August 2006. (Tr. at 553-67.) In September 2006, the ALJ denied Plaintiff's claim in a written decision. (Tr. at 501-12.) The ALJ adopted findings from the earlier decisions regarding past relevant work (Tr. at 504), found that Plaintiff was insured through December 31, 2003 (Tr. at 506), and found that Plaintiff had transferrable skills and the capacity to perform sedentary work. (Tr. at 511.) Plaintiff requested a review of this decision and the Appeals Council granted the request and remanded for further evaluation of Plaintiff's mental impairments and, if needed, to

obtain evidence from a vocational expert. (Tr. at 514-16.) The ALJ received further vocational testimony (Tr. at 568-74) and denied Plaintiff's claim in a decision dated June 18, 2009. (Tr. at 20-21.) In so doing, the ALJ adopted the prior decision of ALJ Alfred H. Varga. (Tr. at 20.) Plaintiff requested a review of the decision on July 17, 2009. (Tr. at 16.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), when, on August 27, 2010, the Appeals Council denied Plaintiff's request for review. (Tr. at 12-14.) On October 14, 2010, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

**B.     Standard of Review**

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during the administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir.

2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting S.S.R. 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, the court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of the court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. App'x 521, 526 (6th Cir. 2006).

**C.    Governing Law**

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II, 42 U.S.C. §§ 401 *et seq.*, and the Supplemental Security Income Program (SSI) of Title XVI, 42 U.S.C. §§ 1381 *et seq*. Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and

children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

**D.     ALJ Findings**

The ALJ adopted the prior decision of ALJ Varga, and found that Plaintiff retains a "moderate[] (. . . more than slight limitation in this area but the individual is still able to function satisfactorily) limitation in his ability to carry out complex instructions and make judgments on complex and work-related decisions and moderate limitation with respect to the ability to maintain attention and concentration for extended periods, perform activities with a schedule, maintain a regular attendance, be punctual within customary tolerances, and interact appropriately with the general public." (Tr. at 20-21.) In addition, the ALJ indicated that he "took testimony from the vocational expert, who testified that in consideration of the hypothetical posed by the [ALJ], that the claimant retains the ability to perform semi-skilled (which the vocational expert testified is work that takes more than 30 days and could take up to 120 days to learn depending on the actual work to be performed) sedentary work during the period at issue, which is consistent with the conclusion of Judge Varga." (Tr. at 21.) The ALJ also noted that "only when the 'marked' limitations from November 14, 2008 (Exhibit C10F) are considered is semi-skilled work

7

precluded; these limitations are dated November 14, 2008, and the [ALJ] finds that there is no evidence, which relates them back prior to December 31, 2003, the claimant's last day of work." (Tr. at 21.) Therefore, the ALJ found that Plaintiff was not under a disability at any time from July 27, 2001, the alleged onset date, through December 31, 2003, the date last insured. (Tr. at 21.)

### E.  Analysis and Conclusions

#### 1.  Legal Standards

The ALJ determined that during the time Plaintiff qualified for benefits, he possessed the residual functional capacity to perform a limited range of sedentary work. (Tr. at 21.) Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting and carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a)(1991). Social Security Ruling 83-10 clarifies this definition:

> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

SSR 83-10.

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether or not substantial evidence supports the ALJ's decision.

#### 2.  Substantial Evidence

Plaintiff contends that substantial evidence fails to support the findings of the Commissioner. (Doc. 12.) As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan,* 474 F.3d at 833; *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

    **a.    Transferable Skills**

Plaintiff specifically contends that the ALJ's decision fails to identify what Plaintiff's acquired work skills are from he past relevant work as a computer technician. (Doc. 10 at 13.) Instead, Plaintiff argues, both the ALJ of September 27, 2006, and the ALJ of June 18, 2009, find that "Plaintiff has transferable skills to work with in his residual functional capacity and cites two semi-skilled sedentary jobs including data entry clerk and computer operator but never cites what Plaintiff's acquired and transferable skills are." (Doc. 10 at 13-14; Tr. at 21, 511.)

As noted by Defendant, ALJ Wilkenkin in 1999 noted that Plaintiff had "acquired work skills, such as computer and clerical skills which he demonstrated in past work." (Tr. at 360.) These findings were repeated by the same ALJ in 2000. (Tr. at 387.) In 2006, ALJ Varga specifically adopted the previous ALJ findings regarding past relevant work, including transferable skills. (Tr. at 504, 511.) Even if the previous ALJ's findings were insufficient, "SSR 82-41 does not require the identification of transferable skills" in cases where the ALJ relies on the testimony of a VE and does not rely solely on the grid. *Wilson v. Comm'r of Social Security*, 378 F.3d 541, 549 (6th Cir. 2004). I therefore suggest that this ground does not provide a reason to disturb the ALJ's findings.

    **b.    Vocational Expert Testimony**

In addition, Plaintiff argues that the ALJ failed to reconcile conflicts between the vocational expert ("VE") testimony and the Dictionary of Occupational Titles ("DOT"). (Doc. 10 at 15-16.) Plaintiff states that the ALJ found that Plaintiff could perform the jobs of data entry clerk and computer operator which the VE classified as sedentary and semi-skilled; however, the DOT classifies computer operator as light and skilled. (Doc. 10 at 15.) Plaintiff contends that the "ALJ neither elicited testimony from the VE regarding this conflict nor explained how the conflict was resolved in his decision as required" by S.S.R. 00-4p. (Doc. 10 at 15.) The Commissioner notes that even if the computer operator position was mis-classified, Plaintiff does not contest the findings with respect to data entry clerk; thus, any error is harmless. (Doc. 14 at 10.)

At the hearing in 2006, ALJ Varga asked the VE if the testimony regarding jobs he gave was consistent with the DOT and the VE responded in the affirmative. (Tr. at 565.) Plaintiff's counsel did not challenge those findings made at the hearing. Therefore, when ALJ Varga found that Plaintiff could perform the jobs of data entry clerk and computer operator, he also found that the VE's testimony was consistent with information contained in the DOT. (Tr. at 512.)  In 2009, ALJ Berk specifically incorporated and found ALJ Varga's findings supported by the evidence of record. (Tr. at 21.)

In this Circuit, Social Security Ruling 00-4p is satisfied by the ALJ simply asking the VE if her testimony is consistent with the DOT. *See Martin v. Comm'r of Soc. Sec.*, 170 Fed. App'x 369, 375-76 (6th Cir. 2006). Therefore, I suggest that ALJ Varga was not under any obligation to inquire further into the accuracy of the VE's testimony and that ALJ Berk was not remiss in adopting ALJ Varga's findings. *See Ledford v. Astrue*, 311 Fed. App'x 746, 757 (6th Cir. 2008) ("Nothing in the applicable Social Security regulations requires an administrative law judge to conduct his or her own investigation into the testimony of a vocational expert to determine its

10

accuracy, especially when the claimant fails to bring any conflict to the attention of the administrative law judge").

I further suggest that even assuming, *arguendo*, that the ALJ had an obligation to inquire further into the classification of the computer operator position, the VE's testimony regarding the 6,000 data clerk entry positions remains unchallenged and would, by itself, provide substantial evidence for the ALJ's conclusion that Plaintiff was not disabled. *Martin v. Comm'r of Social Security*, 170 Fed. App'x 369, 374 (6th Cir. 2006) (noting that ALJ had no affirmative duty to investigate whether VE was correct where the plaintiff did not bring any conflict to his attention and finding substantial evidence satisfied where "even if the two positions about which there were inconsistencies had been excluded, the ALJ still could have found that [the plaintiff] could perform the third position" which constituted 870 jobs in the region).

### 3. Conclusion

For all these reasons, therefore, after review of the record, I conclude that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties

are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Charles E Binder<br>CHARLES E. BINDER

Dated: June 28, 2011                                             United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date:  June 28, 2011                          By      s/Patricia T. Morris
                                                                         Law Clerk to Magistrate Judge Binder